IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALBERT WALTER GIBSON, JR.                                                         PLAINTIFF


V.                            Civil No. 2:24-cv-02033-TLB-MEF


MARTIN O'MALLEY, Commissioner,
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Albert Gibson, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") terminating his disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.     Procedural Background

Plaintiff protectively filed his applications for DIB and SSI on August 13, 2013, alleging disability since July 27, 2013. (ECF No. 7, pp. 410-419). An administrative hearing was held before Administrative Law Judge ("ALJ") Glenn Neel on July 10, 2014, resulting in a partially favorable decision on January 2, 2015, finding the Plaintiff entitled to disability benefits as of March 24, 2014. (*Id*. at 84-126, 206-216). Thereafter, Plaintiff was the subject of a continuing disability review resulting in a cessation of benefits beginning July 15, 2019. (*Id*. at 322-327). Following a Request for Reconsideration, the cessation was upheld in a hearing officer's decision on December 16, 2021. (*Id*. at 340-350). Upon Plaintiff's request, ALJ Edward Starr held a

hearing on October 20, 2022.  (*Id*. at 127-169).  Plaintiff was present and represented by counsel, Michael Hamby.

On March 29, 2023, ALJ Starr found Plaintiff was no longer disabled as of July 15, 2019.  (ECF No. 7, pp. 67-75).  On July 7, 2023, Plaintiff filed a Request for Review and Statement of Good Cause for review of the ALJ's decision.  (ECF No. 7, pp. 18-19, 22-24).  The Appeals Council ("AC") dismissed his request for review as untimely on January 16, 2024, concluding good cause did not exist to extend the appeal deadline.  (ECF No. 7, pp. 8-13).  Plaintiff subsequently filed this action on March 11, 2024.  (ECF No. 2).  Both parties have filed appeal briefs (ECF Nos. 10, 15), and the matter is ready for Report and Recommendation.

## II.    Discussion

Although the Plaintiff addresses the merits of the case in his Appeal Brief, the only issue that is reviewable by this Court is whether the AC abused its discretion by dismissing his request for review as untimely.  *See Smith v. Berryhill*, 587 U.S. 471, 488 (2019).  According to the principals of administrative law, this Court cannot decide a question that has been delegated to an agency unless said agency has first had the chance to address the question.  *See*, *e.g.*, *INS v. Orlando Ventura*, 537 U.S. 12, 16, 18 (2002) (*per curiam*); *ICC v. Locomotive Engineers*, 482 U.S. 270, 283, (1987); *cf. SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943) ("For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency").  Accordingly, a court should restrict its review to the procedural ground(s) forming the basis of the AC's dismissal and, if necessary, allow the Commissioner to address any residual substantive questions.  *Smith*, 487 U.S. at 488.  The standard of review is "abuse of discretion, and substantial evidence as to any fact."  *Smith*, 587 U.S. at 487 n. 19.

The AC presumes receipt of the NOD within five days of the hearing decision date, which in this case was March 29, 2023. (ECF No. 7, pp. 16-17). As such, Plaintiff had until June 2, 2023, to appeal. (*Id.*). He did not, however, file his Request for Review and Statement of Good Cause until July 7, 2023, acknowledging his request was untimely, but alleging (1) his representative withdrew, leaving him without representation and unsure how to proceed with the appeal; and (2) he did not fully understand the requirement to file his appeal timely. (*Id.* at 22-24).

On September 22, 2023, the AC advised Plaintiff that his request for review did not contain a "statement or other information about why [he] did not file the appeal on time." (ECF No. 7, pp. 16-17). In a more detailed statement dated October 6, 2023, Plaintiff explained that attorney Michael Hamby represented him at the administrative hearing before ALJ Starr. On March 29, 2023, ALJ Starr upheld the decision to terminate his disability benefits. (*Id.* at 18-19). Mr. Hamby terminated his representation of the Plaintiff via letter dated April 11, 2023. (ECF No. 7, pp. 18-19). In so doing, he advised Plaintiff that he had 60 days from the March 29, 2023, decision to file his appeal. Further, Mr. Hamby provided Plaintiff with the names of other attorneys he could contact for assistance. Two months later, on June 20, Plaintiff hired attorney Laura McKinnon, prompting the filing of the Request for Review and Statement of Good Cause on July 7, 2023. (*Id.* at 25-31).

On January 16, 2024, the AC dismissed Plaintiff's Request for Review. (ECF No. 7, pp. 11-12). The AC properly noted that the Notice of Decision ("NOD"), dated March 29, 2023, included information on how to file an appeal and the time limit for doing so. (*Id.* at 64-66). Further, it clearly informed Plaintiff he was not required to have an attorney/representative file the appeal. (*Id.*). The AC also acknowledged Plaintiff's admission that Mr. Hamby had notified him

3

of the time to appeal. Despite possessing this information, however, Plaintiff waited until June 20, 2023, after his appeal deadline had already expired, to hire Ms. McKinnon. (*Id*.). Accordingly, the AC concluded Plaintiff's Request for Review was untimely and found good cause did not exist to extend his appeal deadline. (*Id*.). They made no ruling as to the substantive merits of Plaintiff's appeal. (*Id*.).

As pointed out by the Government, this case does not involve mental impairments that could lend support to Plaintiff's alleged inability to understand the clearly stated appeal process. As such, the undersigned recommends a finding that substantial evidence supports the AC's determination that Plaintiff's Request for Review was untimely, and that the AC did not abuse its discretion in determining no good cause existed to excuse said tardiness.

## IV.    Conclusion

For the reasons and upon the authorities discussed above, it is recommended that the ALJ's decision be affirmed, and that the Plaintiff's Complaint (ECF No. 2) be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE